IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division

Marlin Gas Transport, Inc, /
an Indiana Corporation, /
/
and /
/
Neil Enerson, an individual, /
/
Plaintiffs, /
/
v. /   Civil Action No.: _____
/
LNG Energy Solutions, LLC, /
a Pennsylvania Limited Liability /
Company, /
/
Defendant. /
_____/

## COMPLAINT AND JURY DEMAND

Plaintiffs, MARLIN GAS TRANSPORT, INC., d/b/a Marlin CNG Services (a wholly owned subsidiary of Marlin Energy, Inc.) and Neil Enerson, by and through their undersigned attorneys, allege as follows:

### THE PARTIES

1. Plaintiff Marlin Gas Transport, Inc. ("MARLIN") is an Indiana Corporation with a principal place of business at 140 Crossroads Drive, Whiteland, IN 46184.

2. Plaintiff Neil Enerson ("ENERSON") is an individual residing at 5041 Galleon Ct, New Port Richey, Florida 34652.

3.  Upon information and belief, Defendant, LNG ENERGY SOLUTIONS, LLC ("LNG"), is a Pennsylvania limited liability corporation having its principal place of business at 171 Hillpointe Drive, Suite 301, Cannonsburg, Pennsylvania 15317.

4.  This action has arisen under the patent laws of the United States, Title 35 United States Code, Section 271 et seq.

5.  Jurisdiction of this action arises under 28 US.C. § 1338(a). Venue is predicated under 28 US.C. § 1391(c).

## COUNT I

6.  On October 11, 2005, United States Patent Number 6,953,045 (hereinafter Patent '045) entitled "Gas Delivery System" was duly and regularly issued. A copy of the aforesaid patent is attached hereto as Exhibit "A."

7.  Plaintiff MARLIN is the exclusive licensee of Patent '045.

8.  Plaintiff ENERSON is the sole inventor and owner of Patent '045.

9.  Upon information and belief, Defendant LNG has directly or contributorily infringed or induced the infringement of the claims of Patent '045 by having made, used or sold gas delivery systems that duly embody the invention as claimed therein.

10. The infringement by Defendant LNG has been willful and deliberate.

11. The infringement of Patent '045 by Defendant LNG has deprived Plaintiffs of sales which they otherwise would have made and has in other respects injured Plaintiffs and will cause Plaintiffs added injury and loss of profits unless enjoined

by this Court. Photographs showing Defendant's use of the infringing device are attached hereto as Exhibit "B."

12. Plaintiffs have been damaged by the acts of infringement complained of herein.

13. Plaintiffs have no adequate remedy without the intervention of this Court.

14. This case is "exceptional" within the meaning of 35 USC § 285.

**WHEREFORE**, Plaintiffs pray that:

A. An injunction be granted preliminarily and permanently restraining Defendant LNG and all those in privy with it from further infringement of the Patent '045.

B. Defendant LNG be required to account to Plaintiffs for the damages recoverable by Plaintiffs under 35 U.S.C. §284 as a result of the wrongful making, using, and selling of inventions as claimed in Patent '045, the exact extent of which cannot now be determined by Plaintiffs, and that all of such damages be trebled.

C. Plaintiffs be awarded reasonable attorney fees;

D. Plaintiffs be allowed their costs; and

E. Such other and further relief be granted to which Plaintiffs may be justly entitled.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Date: Oct. 25, 2012

Respectfully submitted,

*/s/ Michael J. Colitz, III*

Stefan V. Stein
Lead Trial Counsel
Florida Bar Number 300527
Michael J. Colitz, III
Florida Bar Number 164348
Gray Robinson, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL  33602
Telephone: 813-273-5000
Facsimile: 813-273-5145
Email: stefan.stein@gray-robinson.com
michael.colitz@gray-robinson.com
Attorneys for Plaintiff

\5400060\1 - # 3519925 v1